IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT | § | |
| OPPORTUNITY COMMISSION, | § | Civil Action No. 4:24-cv-04876 |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | ORIGINAL COMPLAINT |
| | § | |
| AYVAZ PIZZA, LLC, d/b/a PIZZA HUT | § | |
| | § | |
| Defendant. | § | JURY TRIAL DEMANDED |

## NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex-based harassment and retaliation and to provide appropriate relief to Jaqueline King ("King" or "Charging Party"), who was adversely affected by such practices. As alleged with greater particularity below, Plaintiff Equal Employment Opportunity Commission ("Commission" or "EEOC") alleges Defendant, Ayvaz Pizza, LLC d/b/a Pizza Hut ("Ayvaz" or "Defendant"), subjected King to sex-based harassment and fired her in retaliation for engaging in protected activity in violation of Title VII.

## JURISDICTION AND VENUE

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3) and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Texas, Houston Division.

PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of Title VII and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4.      Defendant, Ayvaz Pizza, LLC d/b/a Pizza Hut, is a privately held, limited liability company headquartered in Sugar Land, Texas. At all relevant times, Ayvaz Pizza, LLC d/b/a Pizza Hut has been doing business in the State of Texas and the cities of Sugar Land and Porter, and has continuously had at least 15 employees. Defendant may be served by serving its registered agent for service of process, Corporation Service Company d/b/a CSC – Lawyers Incorporating Service Company, 211 E. 7th Street, Suite 620, Austin, TX 78701-3218.

5.      At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce under Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

ADMINISTRATIVE PROCEDURES

6.      More than thirty days prior to the institution of this lawsuit, King filed a charge with the Commission alleging violations of Title VII by Defendant.

7.      On March 12, 2024, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title VII was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the unlawful employment practices and to provide appropriate relief.

2

8.    Thereafter, the Commission engaged in communications with Defendant to provide it with the opportunity to remedy the discriminatory practices described in the Letter of Determination.

9.    On April 10, 2024, the Commission issued to Defendant a Notice of Failure of Conciliation advising Defendant that the Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

10.    All conditions precedent to the institution of this lawsuit have been fulfilled.

<u>STATEMENT OF CLAIMS</u>

11.    In September 2017, King was hired as a shift manager for a Pizza Hut store in New Caney, Texas. In February 2021, her Area Coach Steve Battenfield ("Battenfield") promoted her to assistant manager of the Pizza Hut store in Porter, Texas.

12.    At some point during the summer of 2021, Charging Party and Battenfield engaged in an on-again, off-again personal relationship.

13.    In September 2021, Defendant acquired Charging Party's store and she was promoted to general manager.

14.    During King's tenure as general manager, Defendant's Operations Manager, Papa Diack ("Diack"), advised Charging Party that she was making significant progress in turning around a previously underperforming store.

15.    Charging Party began to end her personal relationship with Battenfield towards the end of April 2022. Shortly thereafter, Battenfield began to harass her for refusing to continue the relationship by failing to provide necessary product, labor, services and/or repairs to her store. Whenever Charging Party would reach out to Battenfield for help with her store, he would only want to discuss their personal rather than business matters.

16.     On or around May 16, 2022, Charging Party notified Diack about her personal relationship with Battenfield. Diack responded that he expected personal/intimate relationships to happen at work because employees spend so much time together. Diack later texted Charging Party, telling her to "wait before speaking with anyone else… let me handle this, we don't need this affecting the store or district."

17.     As a direct result of Charging Party's attempt to end their personal relationship, Battenfield continued to deny necessary services/support to her store throughout the summer and into the fall of 2022. He would regularly ignore her requests entirely and/or would not address them promptly. Battenfield's conduct had an adverse effect on Charging Party's ability to operate her store even after Diack was aware of his behavior.

18.     On or around September 1, 2022, Battenfield confronted Charging Party in her store's parking lot and requested to discuss their personal relationship. When she rejected Battenfield's overture and began walking back into the store, he became incensed and threw a can of Red Bull at her. Charging Party notified Diack about this incident.

19.     In early October 2022, Charging Party participated in a meeting with Diack and Battenfield to discuss her concerns working with Battenfield. During the meeting, Charging Party emphasized that she did not want Battenfield to interfere with her ability to perform her job.

20.     On October 14, 2022, Defendant's Human Resources Manager and Lead HR Generalist met with Charging Party to discuss her concerns with Battenfield. During the meeting, Charging Party informed Human Resources about Battenfield's aforementioned behavior towards her after she ended their personal relationship.

21.     Prior to her October 14, 2022 meeting with human resources, Charging Party had no documented attendance or performance issues.

22.    Thereafter, Charging Party received a verbal warning from Human Resources "for dating a supervisor with out [sic] letting HR know" even though under Defendant's policies, she was not required to report it to Human Resources.

23.    Following the meeting with Human Resources, Battenfield was removed as her supervisor and Area Coach Jerry Warren ("Warren"), who primarily oversaw stores in the downtown/medical center area of Houston, was assigned to supervise Charging Party's store. He supervised her for approximately two weeks.

24.    Charging Party worked over 70 hours during her first week under Warren's supervision.

25.    On November 1, 2022, Warren terminated Charging Party. As he was discharging her, he presented her with as many as seven disciplinary writeups that she had never seen before.

26.    Shortly thereafter, Battenfield was re-assigned to supervise Charging Party's former store.

27.    Defendant fired Charging Party because she engaged in the protected activity of reporting Battenfield's harassing conduct to Defendant's Operations Manager and to Human Resources.

28.    The effect of the practices complained above has been to deprive Charging Party of equal employment opportunities and adversely affect her status as an employee because of her sex.

29.    The effect of the practices complained of above has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect her status as an employee because King engaged in protected activity.

30.    The unlawful employment practices complained of above were intentional.

31. The unlawful employment practices complained of above were done with malice or reckless indifference to the federally protected rights of King.

<u>PRAYER FOR RELIEF</u>

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practices which discriminate on the basis of sex in violation of Title VII.

B. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from retaliating against employees who oppose practices made unlawful by Title VII.

C. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for its employees regardless of sex and for individuals who engage in protected activity, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant to make whole King, by providing appropriate backpay, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement or front pay in lieu of reinstatement.

E. Order Defendant to make whole King by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, in amounts to be determined at trial.

F. Order Defendant to make whole King by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of above, including,

but not limited to, emotional pain, suffering, humiliation, and inconvenience, in amounts to be determined at trial.

G.     Order Defendant to pay punitive damages for its malicious and reckless indifference to King's federally protected rights, as described above, in amounts to be determined at trial.

H.     Order Defendant to pay prejudgment interest.

I.     Grant such further relief as the Court deems necessary and proper in the public interest.

J.     Award the Commission its costs of this action.

<u>JURY TRIAL DEMAND</u>

The Commission requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

**EQUAL EMPLOYMENT**
**OPPORTUNITY COMMISSION**

**KARLA GILBRIDE**
General Counsel

**CHRISTOPHER LAGE**
Deputy General Counsel
131 M Street, N.E.
Washington, D.C. 20507

**RUDY L. SUSTAITA**
Regional Attorney

**KATHY D. BOUTCHEE**
Assistant Regional Attorney

*/s/ N. Joseph Unruh*
**N. Joseph Unruh**
Trial Attorney
Attorney-in-Charge
Texas Bar No. 24075198
S.D. Tex. No. 1571957
neil.unruh@eeoc.gov
Equal Employment
Opportunity Commission
Houston District Office
Mickey Leland Federal Building
1919 Smith Street, 7th Floor
Houston, Texas 77002
346.327.7703 [Telephone]
713.651.7995 [Facsimile]

**COUNSEL FOR EEOC**